**STATE, Plaintiff-Appellee, v. LEGGETT, Defendant-Appellant**

Ohio Appeals, Seventh District, Lake County.

No. 626.   Decided May 13, 1959.

C. E. Strader, Jr., Asst. Pros. Atty., Painesville, for plaintiff-appellee. Lawrence J. Dolan, Chardon, for defendant-appellant.

## OPINION

By DONAHUE, J.

Defendant-appellant was a Volunteer Fire Chief and, like many of his admirable breed, he doubled in brass as driver of the emergency ambulance.

This case comes to the appellate court as an appeal from a conviction in the Municipal Court of Painesville. It would appear that the fine (ten dollars and costs) has no real importance, except as evidence of conviction, since it was suspended by the court which imposed it.

The fine brief of defendant-appellant clearly indicates that the real importance of this case is the interpretation of §4511.03 R. C. And the importance is not confined to the driver of this ambulance. It extends to all emergency vehicles. Both counsel and his client are to be commended for their desire for a clarification that may be useful to all emergency services.

Insofar as the facts of this case are concerned, as they are necessary here, they are as follows: Defendant, on an emergency run, was driving north at from thirty-five to fifty miles per hour. He had a red light. On his left, at the intersection was a store building, obscuring the view to the left. It must be added that the same building would of necessity obscure sound to a large extent, so that a car approaching from the left would have difficulty in either hearing the siren or seeing the ambulance or its lights. The ambulance driver, if he had looked, should have known this. If he slowed at all, his slowing was slight. Thus we have a picture of an ambulance crashing a red light, which is made lawful by §4511.03 R. C. But this section does not give the driver of an emergency vehicle carte blanche, because it puts several curbs on that right. It says that such driver "upon approaching a red or stop signal * * * shall slow down as necessary for safety to traffic * * *." We understand this wording to mean that the driver being given the right to violate a regulation which is ordinarily inviolable, may not violate it with utter disregard to all other traffic. He is being given an extraordinary privilege, a privilege that none would deny him on his mission of mercy. But even with that privilege, he also owes a duty of safeguarding not only the subject of his mission (in this case a hemorrhaging passenger) from the effects of a delaying accident, but the duty of safeguarding other traffic from such an accident. He not only (again §4511.03 R. C.), "may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway," but he **must** proceed in such manner.

In plain English, he is given the privilege of violating the law. But he must use that privilege so that he is not interferring with others' rights. He **must** make sure before crashing that light that no accident is likely to result. He must be sure that he who looks will see and that he who listens will hear.

In the criminal charge for breach of this code section, it is no defense that the other party to an accident may have been negligent. Negligence does not enter the picture. Neither do civil rights. Neither does ordinary care. The picture contains only the privilege of the abrogation of a traffic statute and the duties tied to that abrogation.

We cannot adopt the lower court's flat thought that slowing down from any speed, is called for under this section. An emergency vehicle might proceed through a red light in open country at ninety miles per hour, where no cars are within a half a mile or more; or it might be necessary to slow to one or two miles an hour at a heavily congested intersection. Any rule must read the statute as a whole. In so reading we find that an emergency vehicle driver may proceed through a red light, but only after he ascertains that he may do so with due regard for the safety of all persons who may be involved.

Applying the statute to this situation, it appears that defendant, doing thirty-five to fifty miles per hour with a blind spot on his left, disregarded that blind spot, and in so doing, violated the law. We find the lower court's judgment fair and just, although it may seem he travelled a little different road to reach his conclusion.

Judgment affirmed.

GRIFFITH, PJ, PHILLIPS, J, concur.